IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

KAREN KIMBLE,

    Defendant.

Criminal No.: RDB-13-0035

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Karen Kimble ("Kimble" or "Defendant"), *pro se*, was charged in a twenty-one count Criminal Indictment for wire fraud, tax fraud, aggravated identity theft, and visa application fraud. (Indictment, ECF No. 1.) After a bench trial before Judge William D. Quarles on January 26, 2015, she was found guilty on all twenty-one counts of the Criminal Indictment on July 8, 2015.[1] (Mem. Op. 1, ECF No. 91.) Kimble was sentenced to 48 months imprisonment on October 29, 2015. (Judgment, ECF No. 109.) Now pending before this Court is Defendant's Motion to Reduce Sentence (ECF No. 137), Defendant's Motion for Reconsideration (ECF No. 140),[2] and Defendant's Motion for Recommendation Regarding Length of RRC Placement (ECF No. 141). The Defendant's submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Defendant's Motion to Reduce Sentence (ECF No. 137) is DENIED; Defendant's Motion for Reconsideration (ECF No. 140) is DENIED; and

---

[1] On December 14, 2015 this case was reassigned to the undersigned Judge Richard D. Bennett.
[2] Although captioned differently and filed eight months apart, these motions are identical.

Defendant's Motion for Recommendation Regarding Length of RRC Placement (ECF No. 141) is DENIED.

## BACKGROUND

The facts of this case were fully set forth in the Court's Memorandum Opinion (ECF No. 91.) After a bench trial, Kimble was found guilty on all twenty-one counts of the Criminal Indictment, and sentenced to 48 months imprisonment. (ECF No. 109.) In the Presentence Investigation Report, the Government calculated Kimble's offense level and sentencing range using the 2014 United States Sentencing Guidelines. (Am. Presentence Investigation Report and Recommendation, ECF No. 108) (SEALED.) The economic loss involved in the offense fell between $120,000 and $200,000. (*Id.*) For a loss in that range, 10 offense levels were added to Kimble's sentencing calculation, bringing her total offense level to 21. U.S.S.G. § 2B1.1(b)(1)(F). The advisory sentencing range corresponding to an offense level of 21 and falling within Kimble's criminal history category of II is 41-51 months. U.S.S.G. § 5G1.2(c). The 48 month sentence imposed fell within that advisory range.

A number of amendments to the Sentencing Guidelines were pending before Congress and set to become effective on November 1, 2015, roughly one week after Kimble's sentencing hearing. (Tr. of Sentencing 48:14-15, ECF No. 127.) Among these, Amendment 791 made several changes to the loss amount table at Section 2B1.1(b)(1) of the guidelines. *See* U.S. Sentencing Guidelines Manual, Supplement to App. C, Amend. 791 (2016). At the sentencing hearing, the Government noted that if this Court decided to use the yet-enacted loss table, a different sentencing range may have applied in Kimble's case.

(Tr. of Sentencing 48:10-21.) Nevertheless, this Court used the table which was in effect at the time, and imposed a 48-month sentence. (*Id.* at 67:17-68:2.)

## ANALYSIS

### I. Motions to Reconsider (ECF Nos. 137, 140.)

Although not made explicit in either of the motions, Defendant Kimble seeks to have this Court give retroactive effect to Amendment 791 in order to reduce her sentence. Pursuant to 18 U.S.C. § 3582(c), a district court may, upon the motion of a defendant, reduce an otherwise final sentence which was based on guidelines provisions amended after sentencing. *Dillon v. United States*, 560 U.S. 817, 821 (2010). The decision to reduce a prisoner's sentence pursuant to this statute is within the district court's discretion. *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). However, on collateral review, this Court may only reduce a sentence of imprisonment if the amendment was made retroactive, and "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 560 U.S. at 821.

A guideline amendment may only be applied retroactively when expressly listed in Section 1B1.10(d) of the Sentencing Guidelines. *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir. 2009). Amendment 791 is not included among the amendments at Section 1B1.10(d), and therefore cannot be applied retroactively to grant the relief Defendant Kimble seeks.[3] Accordingly, Defendant Kimble is not entitled to a reconsideration of the

---

[3] Even if Amendment 791 was made retroactive, it is not clear that its application would have the effect of reducing Kimble's sentence. In her Motion for Reconsideration, Kimble asserts that she received "enhancement points based on the loss amount of $77,210." (ECF No. 140 at 1.) This contention does not have support in the record.

sentence under Section 3582(c)(2), because the Commission did not give the applicable changes to the loss table retroactive effect.

## II. Motion for Recommendation Regarding Length of RRC Placement (ECF No. 141.)

Defendant Kimble petitions this Court to recommend to the Bureau of Prisons ("BOP") that she should be permitted to serve twelve months of her remaining sentence in a Residential Re-entry Center ("RRC"). (Def.'s Mot. for Recommendation Regarding Length of RRC Placement 1, ECF No. 141.) Pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's imprisonment" and may consider "any statement by the Court that imposed" a prisoner's sentence. Kimble argues that this provision grants this Court the ability to issue her requested recommendation "at any time." *See, e.g.*, *United States v. Ceballos*, 671 F.3d 852, 856 n.2 (9th Cir. 2011) (explaining that district courts have the "authority to make (or not make) non-binding recommendations to the Bureau of Prisons at any time.") Other district courts, however, have found that they lack the power to make recommendations of this type long after a sentence has been imposed. *See, e.g.*, *United States v. Landers*, No. 6:09-cr-0893-10-JMC, 2013 WL 5530271, at *2 (D.S.C. Oct. 7, 2013) ("The court is aware of no authority by which it may issue a recommendation for halfway house placement at this late stage."); *see also*, *Carter v. United States*, No. 14-CR-150, 2018 WL 2376513, at *2 (E.D. Wis. May 24, 2018) (surveying a split in federal district court authority on this matter).

Even assuming that this Court has authority to grant Kimble's request, this Court is not willing to issue the recommendation she seeks. Kimble has explained that she deserves this recommendation in light of her good conduct, positive performance reviews during her

employment in the Central Dining Room and Facilities Central Management Office, and desire to support her children and mother. (Def.'s Mot. for Recommendation Regarding Length of RRC Placement at 3-4.)  She further notes that her home is subject to foreclosure proceedings, and that she requires surgery.  (*Id.* at 3.)  Nevertheless, this Court finds that the BOP is in the best position at this stage to evaluate Kimble's assertions and determine whether she should be permitted to serve the remainder of her sentence in RRC.

## **CONCLUSION**

For the aforementioned reasons, Defendant's Motions for Reconsideration (ECF No. 137, 140) are DENIED.  Defendant's Motion for Recommendation Regarding Length of RRC Placement (ECF No. 141) is DENIED.

A separate Order follows.


Dated: November 8, 2018　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　United States District Judge